

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-8-2003

# Wilson v. Nabisco Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2148

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Wilson v. Nabisco Inc" (2003). *2003 Decisions.* Paper 71.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/71

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-2148

CLEOPATRA WILSON,

Appellant
v.

NABISCO INC; PHILLIP MORRIS, INC.;
TRUSTEES OF THE BAKERY AND CONFECTIONERY UNION
AND INDUSTRY INTERNATIONAL PENSION FUND

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Civ. No. 01-cv-00415)
District Judge: Hon. R. Barclay Surrick

ARGUED
December 19, 2002

(Opinion filed: December 8, 2003)

Before: SLOVITER and McKEE, Circuit Judges,
and ROSENN, Senior Circuit Judge

Karen E. Gelula, Esq. **(Argued)**
606 Schiller Avenue
Merion Station, PA 19066

        Attorney for Appellant

Jeffrey Freund, Esq.
Julia P. Clark, Esq.
Robert Alexander, Esq. **(Argued)**
Berdhoff & Kaiser
805 Fifteenth Street, N.W.
Suite 1000
Washington, DC 20005

Stephen F. Payerle, Esq. **(Argued)**
Carpenter, Bennett & Morrisey
100 Mulberry Street
Three Gateway Center
Newark, NJ 07102

Regina C. Hertzig, Esq.
Cleary & Josem
1420 Walnut Street
Suite 300
Philadelphia, PA 19102

      Attorneys for Appellees

OPINION

McKEE, <u>Circuit Judge</u>.

      Cleopatra Wilson and seventeen other female employees or retired employees of Nabisco, Inc., appeal the district court's grant of judgment in favor of Nabisco on their claim for benefits under § 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B).  For the reasons that follow, we will vacate the district court's order granting judgment on the pleadings to Nabisco and dismissing against the Trustees of the Bakery and Confectionary Union and Industry International Pension Fund as moot, and remand with directions to dismiss the complaint without prejudice to the right of the plaintiffs to present their claim for pension benefits to that Fund.

**I.**

      Inasmuch as we write only for the parties, we recite only those facts and portions

2

of the procedural history that are helpful to our discussion.  As noted, Wilson and the seventeen other appellants are current or retired employees of Nabisco at its Philadelphia, Pennsylvania plant.  They are also participants in a multi-employer pension plan, the Bakery and Confectionary Union and Industry International Pension Fund (the "Plan").  Nabisco is a contributing employer to the Plan based on collective bargaining agreements between it and the union requiring Nabisco to make contributions to the Plan on behalf of employees in the covered bargaining unit.

The women's claims for benefits from the Plan stem from a class action that was filed in 1975 and settled in 1981, viz., *Karan, et al. and EEOC v. Nabisco, Inc.*, No. 75-1356/77-927 (W.D. Pa.).  The *Karan* lawsuit alleged that Nabisco had discriminated against female employees on the basis of sex during the 1970s, in violation of Title VII.  The lawsuit alleged at least seventeen discriminatory acts, practices and policies, involving, *inter alia*, pay practices, job and department assignments, job classifications, seniority, training, bidding for jobs, harassment, job posting, promotion, fringe benefits, overtime, layoffs, and individual acts of discrimination.

These eighteen women  received distributions under the *Karan* Settlement Agreement ranging from $359.11 to $1,543.89, with most receiving distributions of $518.72.  In this action, they allege that the payments they received from the *Karan* Settlement Fund were payments received for back pay for periods in which they allegedly were discriminatorily laid off between 1973 and 1981.  They claim that, because of those

3

back pay payments, they are still entitled to credited "hours of service" for any periods of lay offs during those years under § 1.25(b) of the Plan. That section provides, in pertinent part:

> An Hour of Service is *also each hour for which back pay . . . is awarded or agreed to by a Contributing Employer* to the extent that such award or agreement is intended to compensate an Employee for periods during which he would have been engaged in the performance of duties for the Contributing Employer, excluding any hours already counted . . . [or] in excess of 40 in any one week. (emphasis added).

By alleging that they are entitled to "hours of service" as a result of the payments they received from the *Karan* Settlement Fund, the appellants claim they are entitled to up to ten years or more of additional credited service under the Plan, and, as a result, additional pension benefits ranging from $7,800 to $138,000 each. They thus seek to transform the average settlement distribution of $51,872 into $63,150 of pension benefits.

We have previously held that an ERISA plan participant making a claim for benefits pursuant to § 502(a)(1)(B) must exhaust the plan's administrative remedies before seeking judicial relief. *D'Amico v. CBS Corp.*, 297 F.3d 287, 291 (3d Cir. 2002); *Wolf v. National Shopmen Pension Fund*, 728 F.2d 182, 185 (3d Cir. 1984). Here, the Plan contends that none of the eighteen women ever made a claim for benefits to the Plan in the first instance. However, at oral argument, the Plan's counsel agreed that the Plan would nonetheless hear and consider the women's claim for pension benefits. Moreover, the plaintiffs' counsel agreed that the plaintiffs have no claim against Nabisco now. In

4

light of these developments, we will vacate the district court's order and remand with directions to dismiss the complaint without prejudice to the right of the plan participants to present their claims for pension credits to the Plan in the first instance.

———————

TO THE CLERK OF THE COURT:

Please file the foregoing Opinion.

 /s/ Theodore A. McKee
Circuit Judge