Robert SCHWARTZ

v.

INDEPENDENCE BLUE CROSS, Independence Blue Cross Employee Health Benefit Plan, Independence Blue Cross Employee Pension Plan, Independence Blue Cross 401(k) Plan, Independence Blue Cross Separation Pay Plan, All Other Independence Blue Cross Employee Pension or Welfare Benefit Plans, the Fiduciaries and Administrators of the Foregoing Plans

No. Civ.A. 03–4003.

United States District Court,
E.D. Pennsylvania.

Dec. 31, 2003.

Carol A. Mager, Marjory P. Albee, Mager, White & Goldstein, LLP, Jenkintown, PA, for Plaintiff.

David A. Hitchens, William J. Delany, Morgan, Lewis and Bockius LLP, Philadelphia, PA, for Defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This case has been brought before the Court for disposition of the defendants' motion to partially dismiss the plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons which follow, the motion is granted in part and denied in part.

### Statement of Facts

According to the complaint, in May, 1994, Independence Blue Cross ("IBC") hired Plaintiff, Robert Schwartz, to work as a computer programmer in its Information Services Department but immediately arranged for him to be paid through a separate company, ARMS Corporation. ARMS was later sold to IMI Systems, Inc., which continued to pay Plaintiff for his work at IBC. (Plaintiff's Complaint, ¶s14–15). Thereafter, in April, 2000, IMI was acquired by Ajilon Consulting, which likewise continued to pay Mr. Schwartz for his work in the information systems department at IBC until April 26, 2002 when IBC terminated his employment. (Complaint, ¶16–17).

Plaintiff alleges that, as he worked continuously and exclusively on IBC's premises under the supervision and control of IBC and performed identical functions to Defendant's "regular" employees, he was in reality a "common law employee" of IBC despite the fact that he was characterized as an "independent contractor, leased employee, contract worker and/or employee of a third party employment agency" who received no benefits, accrued no service credit for pension, welfare or non-qualified benefit plan purposes and received no severance pay when he was terminated. (Complaint, ¶17–18). Plaintiff avers that IBC intentionally mis-classified him as a non-employee contingent worker so as to deprive him of benefits and other

incidents of employment in violation of the Employee Retirement Income Security Act, ("ERISA"), 29 U.S.C. § 1001, *et. seq.,* and that in so doing it also breached its fiduciary duty to him, breached its contract with him, and was unjustly enriched.[1] By this motion, Defendants move to dismiss all of Plaintiff's claims under ERISA for, *inter alia,* his purported failure to exhaust administrative remedies and to state a cause of action and his state law claims as having been pre-empted.

### Standards Applicable to Rule 12(b)(6) Motions

It has long been the rule that in considering motions to dismiss pursuant to Fed. R.Civ.P. 12(b)(6), the district courts must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir.2000) (internal quotations omitted). *See Also: Ford v. Schering–Plough Corp.,* 145 F.3d 601, 604 (3d Cir.1998). A motion to dismiss may only be granted where the allegations fail to state any claim upon which relief may be granted. *See, Morse v. Lower Merion School District,* 132 F.3d 902, 906 (3d Cir.1997). Dismissal is warranted "if it is certain that no relief can be granted under any set of facts which could be proved." *Klein v. General Nutrition Companies, Inc.,* 186 F.3d 338, 342 (3d Cir.1999) (internal quotations omitted).

### Discussion

As noted, the gravamen of plaintiff's complaint is that by intentionally mischaracterizing him as an independent contractor and not an employee, Independence Blue Cross wilfully interfered with the rights which he otherwise would have had to health, pension, welfare and other bene-

fits under its various plans and thereby violated and breached its fiduciary duties under sections 502 and 510 of ERISA and the common law, breached the contract which it impliedly had with plaintiff and was unjustly enriched. Defendants move for dismissal of Counts I and VI of Plaintiff's complaint alleging claims for "misclassification of employment status" and "failure to rehire" on the grounds that these claims are not cognizable under the ERISA statute and Count II for failure to exhaust administrative remedies under the Plans. In addition, Defendants move to dismiss the plaintiff's state law claims for breach of contract and unjust enrichment in Counts IV and V as pre-empted.

Specifically, Plaintiff alleges that Defendants violated Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B) and Section 510, 29 U.S.C. § 1140 by denying him benefits under the plans. Section 502(a)(1)(B) provides, in relevant part:

A civil action may be brought—

(1) by a participant or beneficiary—

. . . . . . . .

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

Under Section 510 of the Act,

It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, this subchapter, section 1201 of this title, or the Welfare and Pension Plans Disclosure Act [29 U.S.C. § 301 et. seq.], or for the purpose of interfering with the

---

1. Plaintiff also alleges that his termination violated the Age Discrimination in Employment Act, ("ADEA"), 29 U.S.C. § 621, *et. seq.* but the instant motion to dismiss does not challenge this claim.

attainment of any right to which such participant may become entitled under the plan, this subchapter, or the Welfare and Pension Plans Disclosure Act. It shall be unlawful for any person to discharge, fine, suspend, expel, or discriminate against any person because he has given information or has testified or is about to testify in any inquiry or proceeding relating to this chapter or the Welfare and Pension Plans Disclosure Act. The provisions of section 1132 of this title shall be applicable in the enforcement of this section.

29 U.S.C. § 1140.

A "participant" is defined in 29 U.S.C. § 1002 as "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(2)(B)(7). The term "beneficiary" means a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder. 29 U.S.C. § 1002(2)(B)(8).[2]

■ It has been said that Congress enacted § 510 "primarily to prevent unscrupulous employers from discharging or harassing their employees in order to keep them from obtaining vested pension benefits." *Eichorn v. AT & T Corp.*, 248 F.3d 131, 149 (3d Cir.2001), quoting *Dewitt v. Penn–Del Directory Corp.*, 106 F.3d 514, 522 (3d Cir.1997). Thus, the Third Circuit has held that an employer violates § 510

when it acts with the specific intent to interfere with an employee's right to benefits. *Id.*, citing *DiFederico v. Rolm Co.*, 201 F.3d 200, 204–205 (3d Cir.2000). To prove a prima facie case under § 510 a plaintiff must show (1) that an employer took specific actions (2) for the purpose of interfering (3) with an employee's attainment of pension benefit rights. *Id.*, citing *Gavalik v. Continental Can Co.*, 812 F.2d 834, 852 (3d Cir.), *cert. denied*, 484 U.S. 979, 108 S.Ct. 495, 98 L.Ed.2d 492 (1987). Once a plaintiff makes such a prima facie showing, the employer has the burden of articulating a legitimate, non-discriminatory reason for his conduct. Then the burden shifts back to the plaintiff to show that the employer's rationale was pre-textual and that the cancellation of benefits was the determinative influence on the employer's actions. *DiFederico*, 201 F.3d at 205.

■ As a threshold matter, to be entitled to benefits under ERISA, a plaintiff must demonstrate that he is a "participant" within the meaning of the statute. To establish participant status, he must satisfy two requirements. First, the plaintiff must be a common law employee; and second, the plaintiff must be, according to the language of the plan itself, eligible to receive a benefit under the plan. *Bauer v. Summit Bancorp*, 325 F.3d 155, 160 (3d Cir.2003). An individual who fails on either prong lacks standing to bring a claim for benefits established pursuant to ERISA. *Id.* Given that ERISA's nominal definition of "employee" is completely circular, the Courts apply the common law test for determining who qualifies as an employee under ERISA. *Nationwide Mutual Insurance Co. v. Darden*, 503 U.S.

---

**2.** An "employer" in turn "means any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity." 29 U.S.C. § 1002(2)(B)(5). An "employee" is "any individual employed by an employer." 29 U.S.C. § 1002(2)(B)(6).

318, 323–324, 112 S.Ct. 1344, 1348, 117 L.Ed.2d 581 (1992). Under this test, the following factors are considered: the hiring party's right to control the manner and means by which the product is accomplished, the skill required to perform the job, the source of the instrumentalities and tools, the location of the work, the duration of the relationship between the parties, whether the hiring party has the right to assign additional projects to the hired party, the extent of the hired party's discretion over when and how long to work, the method of payment, the hired party's role in hiring and paying assistants, whether the work is part of the regular business of the hiring party, whether the hiring party is in business, the provision of employee benefits and the tax treatment of the hired party. *Id.*

■ It is further well-established that courts require exhaustion of administrative remedies prior to hearing an action for a denial of ERISA benefits. *Harrow v. Prudential Insurance Co. of America*, 279 F.3d 244, 252 (3d Cir.2002).[3] Although the exhaustion requirement is strictly enforced, courts have recognized an exception when resort to the administrative process would be futile. *Berger v. Edgewater Steel Co.*, 911 F.2d 911, 916 (3d Cir.1990); *Weldon v. Kraft*, 896 F.2d 793, 800 (3d Cir.1990). However, a party invoking this exception must provide a clear and positive showing of futility before the District Court. *D'Amico*, 297 F.3d at 293, citing *Harrow*, 279 F.3d at 249–250.

■ In this case, the plaintiff avers in his complaint that he was a common law employee and that IBC had the right to and did control the manner and means by which he performed his work, in that it controlled his hours, his assignments, his training and professional development, provided him with the tools and instruments necessary to do the job, evaluated his performance and ultimately determined the duration of his relationship with it by terminating his employment on April 24, 2002. We thus find that the plaintiff has sufficiently alleged the first prong necessary to establish "participant" status.

■ Turning next to the language of the plans, we note that under the IBC pension plan, "participant" is defined in Section 1.39 as:

"an individual who is an Active Participant, a former Acting Participant receiving benefits under the Plan, a former Active Participant who has a present or future right to receive benefits under the Plan, or an Employee who was once an Active Participant and has been transferred out of the Covered Class."

"Employee" is defined in Section 1.25 to mean

"An individual who is employed by the Company, a Participating Company or an Affiliated Company. An individual who is not otherwise employed by a Participating Company or an Affiliated Company shall be deemed to be employed by such company if he is a leased employee with respect to whose services the Company, such Participating Company or Affiliated Company is the recipient within the meaning of Code section

---

**3.** This Circuit does not require application of the exhaustion doctrine to claims arising from violations of *substantive statutory provisions* such as where termination is alleged in violation of Section 510. *Harrow, supra,* citing *Zipf v. AT & T,* 799 F.2d 889 (3d Cir.1986). Indeed, since *Zipf,* a vast majority of cases waiving the exhaustion requirement have fallen in two categories: (1) discrimination claims under section 510 of ERISA, or (2) failure to provide plaintiffs with Summary Plan Descriptions as required by ERISA. *D'Amico v. CBS Corp., 297 F.3d 287, 291 (3d Cir.2002).*

414(n) or 414(o) but to whom Code sections 414(n)(5) does not apply."

In Section 2.2, entitled "Eligibility to Participate," the pension plan provides:

(a) Each employee who is in the Covered Class on January 1, 2000 shall be an Active Participant as of January 1, 2000. Each other Employee in the Covered Class shall become an Active Participant as of the date they first perform an Hour of Service pursuant to Section 1.33(a)(1).

(b) A Participant (or a former Participant) who has a Separation from Service and who is later reemployed in the Covered Class shall become an Active Participant as of the date on which he first again completes an Hour of Service in the Covered Class.

Finally, under Section 1.19, "Covered Class" means

the class consisting of each Employee who is employed by the Company or Participating Company as a "full-time Employee," a "regular part-time Employee" or a "special part-time Employee." "Covered Class" will not include an individual who is (i) covered by a collective bargaining agreement, unless such agreement specifically provides for participation hereunder, (ii) covered by another qualified defined benefit pension plan to which the Company or Participating Company makes contributions, (iii) a leased employee within the meaning of section 414(n) or 414(o) of the Code, (v) classified as an "exceptional temporary employee," (iv) classified as a "co-op employee," or (v) an independent contractor or any other person who the Company or a Participating Company determines, in its sole discretion based on the criteria set forth in Treas. Reg. section 31.3401(c)–1, is not a common law employee. If a person described in clause (v) of the preceding sentence is subsequently reclassified as, or determined to be, an employee by the Internal Revenue Service, any other governmental agency or authority, or a court, or if the Company or a Participating Company is required to reclassify such an individual as an employee as a result of such reclassification or determination . . . ., such individual will not become eligible to become a Participant in this Plan by reason of such reclassification or determination.

Under Section 2.13 of the IBC Blue Chip Retirement Savings Plan, an "eligible employee"

Means any Employee of the Participating Employer other than (a) individuals who render services to a Participating Employer under circumstances in which his wages or remuneration is paid by a third party service provider or temporary service agency, including without limiting the foregoing, leased employees as defined in section 414(n) of the Code, (b) Employees not classified by the Participating Employer as "full time" or "regular part time," (c) Employees covered by a collective bargaining agreement that does not provide for participation, or (d) an independent contractor or any other person who the Participating Employer determines, in its sole discretion based on the criteria set forth in Treas. Reg. section 31.3401(c)–1, is not a common law employee. If an individual described in clause (a) or (d) is subsequently reclassified as, or determined to be an Employee by the Internal Revenue Service or any other governmental agency or authority, or a court, or if the Participating Employer is required to reclassify such an individual as an Employee as a result of such reclassification or determination . . . ., such individual shall not become eligible to participate

in the Plan by reason of such reclassification or determination.

■ Under the language of these sections it thus appears very doubtful that Mr. Schwartz falls within the class of people who are eligible to receive benefits thereunder. To be sure, the law is very clear that nothing in ERISA requires employers to establish employee benefit plans nor does the statute require that every employee be entitled to participate in those plans which the employer does choose to establish. *Bauer,* 325 F.3d at 159, citing *Lockheed Corp. v. Spink,* 517 U.S. 882, 887, 116 S.Ct. 1783, 135 L.Ed.2d 153 (1996) and *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 91, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). Rather, what ERISA does require is that if an employer decides to provide a plan, that plan is subject to certain minimum requirements regarding participation, funding and vesting standards. *Id.* Based upon this rationale, numerous courts, including the Third Circuit, have found no ERISA violations where an employer's plan excluded hourly employees, temporary employees and independent contractors. *See, e.g., Bauer, supra.; Edes v. Verizon Communications, Inc.,* 288 F.Supp.2d 55 (D.Mass.2003); *Williams v. American International Group, Inc.,* Civ. A. No. 01–9673, 2002 WL 31115184 (S.D.N.Y. Sept. 23, 2002). However, given that we have no evidence to determine at this time whether the plaintiff might qualify as a leased employee "with respect to whose services the Company, Participating Company or Affiliated Company is the recipient within the meaning of Code section §§ 414(n) or 414(o) but to whom Code sections 414(n)(5) does not apply," we cannot yet find to an absolute certainty that he is not a "participant" for purposes of

ERISA. For this reason, we deny the defendants' motion to dismiss Count I of the Complaint.

■ In addition, the plaintiff's complaint also alleges that "all conditions precedent to the institution of this suit have been fulfilled with regard to plaintiff's federal claims under ERISA," in that on August 1, 2002, he "submitted in writing to each plan administrator an appeal from the denial of benefits and a request for full and complete copies of the Plan and Plan documents that cover IBC employees in Pennsylvania" but that the defendants "have failed to render a timely decision regarding plaintiff's appeal." (Complaint, ¶ s10–12). Indeed, it is unclear from the plan documents attached to the parties' briefs in support of and in opposition to this motion whether there is a set, prescribed procedure for filing a claim for benefits under the various plans. (See, e.g., Exhibit B3, § 14.6, p. 57 to Memorandum of Law in Support of Defendants' Partial Motion to Dismiss; Exhibit A4, p. 16 to Plaintiff's Memorandum of Law in Response to Defendants' Partial Motion to Dismiss Plaintiff's Complaint). Thus, accepting the allegations of the complaint as true as well as the inferences which naturally flow from them, we find that they are sufficient to *allege* a cause of action under Section 502. It is thus incumbent upon the parties to take discovery on the issues of what procedures the plaintiff in fact followed in this case to bring the matter of his entitlement to benefits under the plans to the defendants' attention and, in the event that the evidence reveals that he did not formally file a claim pursuant to the prescribed procedures, as to whether or not his efforts to file such a claim would or would not have been futile.[4] For all of these reasons, we deny the motion for

---

4. Given that it appears that the plaintiff's claims may have accrued at the time of his hire in June, 1994, we would also appreciate

a more complete record with respect to whether or not the plaintiff's claims may be barred by the statute of limitations. *See, e.g.,*

partial dismissal as to Count II of the Complaint.

■ In Counts III, IV and V of his Complaint, Mr. Schwartz asserts claims under common law for breach of fiduciary duty,[5] breach of contract and unjust enrichment. The U.S. Supreme Court has decreed that ERISA's civil enforcement scheme be exclusive and thus an employee's common-law contract and tort claims arising under an ERISA-covered plan are pre-empted by the federal statute. *See Generally: Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). We shall therefore dismiss Counts IV and V and that part of Count III which asserts breach of fiduciary duty under common law with prejudice.

■ In Count VI of the Complaint, Plaintiff seeks to recover under Section 510 for IBC's allegedly unlawful "mis-classification" of him as a non-employee and its purported intentional failure to rehire him so as to deprive him of retirement and other plan benefits. The law is clear that an employer's refusal to rehire former employees does not violate the statute's anti-discrimination provision even if that refusal was based upon the employer's desire to avoid creating future pension liability disproportionately greater than that which would be incurred if it hired new employees without past service or pension credit. *Becker v. Mack Trucks, Inc.*, 281 F.3d 372 (3d Cir.2002). It is equally clear that no cause of action for "misclassification" of an employee will lie under ERISA. *Edes v. Verizon Communications, Inc., supra.,* at 59, citing *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 91, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983) and *Becker,* 281 F.3d at 380–383. Thus, Count VI of the complaint is

*Edes v. Verizon Communications, Inc., supra.; Bolduc v. National Semiconductor Corp.,* 35 F.Supp.2d 106 (D.Me.1998).

properly dismissed with prejudice, as is that part of Count I which may be interpreted as endeavoring to plead a claim for relief under the "mis-classification" theory.

For all of the foregoing reasons, the defendants' motion to dismiss is granted in part and denied in part and Counts IV, V, VI and that portion of Count III alleging a common law breach of fiduciary duty are dismissed with prejudice.

An order follows.

### ORDER

AND NOW, this    day of December, 2003, upon consideration of Defendants' Partial Motion to Dismiss Plaintiff's Complaint, and Plaintiff's Response thereto, it is hereby ORDERED that the Motion is GRANTED IN PART and DENIED IN PART and Counts IV, V, VI and that part of Count III which asserts a common law cause of action for breach of fiduciary duty are DISMISSED with prejudice.

---

**5.** Plaintiff also asserts a cause of action for breach of fiduciary duty under ERISA, as well as under common law. We do not dismiss this claim for breach of fiduciary duty under the federal statute.