

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-17-2006

# Bennett v. Prudential Ins Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5033

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Bennett v. Prudential Ins Co" (2006). *2006 Decisions.* Paper 572.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/572

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-5033
_____

JOSEPH BENNETT,
                              Appellant

v.

PRUDENTIAL INSURANCE COMPANY
AND THEIR PENSION PLAN
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-05976)
District Judge: Honorable Freda L. Wolfson
_____

Submitted Under Third Circuit LAR 34.1(a)
June 23, 2006

BEFORE: RENDELL, AMBRO and ROTH, <u>Circuit Judges</u>

(Filed:  August 17, 2006)

_____

OPINION
_____

PER CURIAM.

        Appellant, Joseph Bennett, appeals pro se from the order of the United States

District Court for the District of New Jersey dismissing his complaint brought pursuant to

the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq.  For

essentially the reasons given by the District Court, we will affirm.

## I.

Because we write only for the parties, who are familiar with the facts, we will not recite them except as necessary to the discussion. Bennett worked for the Prudential Insurance Company of America ("Prudential") from 1959 to 1980, when he voluntarily left the company. He became eligible to receive a pension under Prudential's Traditional Retirement Plan ("the Plan") in November 2004. Around that time, Bennett twice contacted Prudential by telephone to request a lump-sum payment of his pension. In a letter dated September 24, 2004, Prudential explained that a lump-sum distribution was available under the Plan only if the total accrued benefit is less than $5000 or if an additional retirement benefit was granted as a result of an involuntary separation from service. Because Bennett did not meet either of these requirements, the letter advised him that his benefits could not be paid in a lump-sum. Believing that the letter was a formal adverse benefit determination, Bennett sent a letter to Prudential dated October 14, 2004, "appealing [the] decision." In response, Prudential sent a letter to Bennett on November 12, 2004, denying a lump-sum distribution, referring to the specific Plan provisions on which the denial was based, and advising Bennett how to appeal that determination to the Retirement Plan Administrative Committee.

Rather than pursue such an appeal, Bennett filed the present action in District Court. He claimed that he was entitled to a lump-sum distribution of his accrued pension benefit, that the Plan was discriminatory, and that Prudential failed to inform him of a

2

2002 amendment to the Plan. Prudential moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In an order entered on October 12, 2005, the District Court granted the motion. In particular, the District Court found that Bennett's benefits claim had not been exhausted, that there was no discrimination because an ERISA plan may treat its participants differently, and that the defendants did not have a duty to advise Bennett of changes to the Plan that were inapplicable to him. Bennett timely appealed.

## II.

We exercise jurisdiction under 28 U.S.C. § 1291. Our review of the order granting the motion to dismiss is plenary. See Digiacomo v. Teamsters Pension Trust Fund, 420 F.3d 220, 222 n.4 (3d Cir. 2005). All facts alleged in the complaint and all reasonable inferences that can be drawn from them must be accepted as true. See Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). We will affirm the District Court's order only if it appears that Bennett could prove no set of facts that would entitle him to relief. See Burstein v. Retirement Account Plan For Employees of Allegheny Health Educ. and Research Foundation, 334 F.3d 365, 374 (3d Cir. 2003).

## III.

An ERISA plan participant has the right to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." ERISA § 502(a)(1)(B) [29 U.S.C. § 1132(a)(1)(B)]. A federal court will generally refuse to consider claims to

enforce the terms of a benefit plan if the plaintiff has not first exhausted the remedies available under the plan. See Weldon v. Kraft, Inc., 896 F.2d 793, 800 (3d Cir. 1990). The exhaustion requirement is waived, however, where resort to the plan remedies would be futile. See Berger v. Edgewater Steel Co., 911 F.2d 911, 916 (3d Cir. 1990).

The Prudential Retirement Plan directs that claims and inquiries be submitted in writing to the Administrative Committee, but provides that the Committee may treat any other writing or communication it receives as a claim for benefits. If the communication is identified as a claim for benefits, the Committee will acknowledge its receipt and provide a written determination within 90 days. A denial of the claim must contain, inter alia, a reference to the specific Plan provisions on which the denial is based and an explanation of how to obtain appellate review of the denial. The review procedure is initiated by filing a written notice of appeal with the Plan Administrative Committee.

In August and September 2004, Bennett telephoned Prudential and requested a lump-sum distribution of his pension. By letter dated September 24, 2004, Prudential advised Bennett that he did not meet the eligibility requirements for such a distribution. Bennett asserts that these events satisfy the Plan's initial review process. This argument is not persuasive. Bennett's two telephone calls do not constitute formal written claims submissions. See Harrow v. Prudential Ins. Co., 279 F.3d 244, 251-52 (3d Cir. 2002) (holding that "the exhaustion of remedies requirement demands more" where claimants "took no steps beyond an initial telephonic inquiry"); see also Bourgeois v. Pension Plan, 215 F.3d 475, 480 n.14 (5th Cir. 2000) (noting that "allowing informal attempts to

4

substitute for the formal claims procedure would frustrate the primary purposes of the exhaustion requirement"). In the absence of a formal claim, Prudential's September 24, 2004 response cannot constitute a reviewable denial. See Madera v. Marsh USA, Inc., 426 F.3d 56, 62 (1st Cir. 2005) (holding that "there was nothing . . . to deny" where claimant "inquire[d] informally as to whether he would be eligible for severance benefits, [but] never filed any sort of formal claim"). The informality of these initial communications becomes even more evident when they are contrasted with the subsequent correspondence between the parties, which did satisfy the Plan's claims procedures. On October 14, 2004, Bennett submitted a written request for a lump-sum pension payment.[1] Prudential denied the claim on November 12, 2004, indicating the specific Plan provision on which the denial was based and providing information on how to obtain review of the denial. Bennett, however, never appealed that decision. Under these circumstances, we agree with the District Court that Bennett failed to exhaust his administrative remedies.

Bennett contends, however, that he is not required to exhaust Plan remedies because it would be futile to do so. Waiver of the exhaustion requirement is merited when the plaintiff provides a "'clear and positive showing of futility.'" Harrow, 279 F.3d at 249 (quoting Brown v. Cont'l Baking Co., 891 F.Supp. 238, 241 (E.D.Pa. 1995)). We review for abuse of discretion the District Court's decision to deny a futility exception.

---

[1] Bennett stated in the October 14, 2004 letter that he was "appealing" the reputed denial of benefits made by Prudential on September 24, 2004. As explained above, however, the September 24, 2004 letter did not constitute a reviewable denial.

5

See Harrow, 279 F.3d at 248. It is clear that Bennett has not availed himself of all of the Plan's available review procedures. Although Prudential's November 12, 2004 denial of benefits explained to Bennett how to appeal that determination, he has never pursued the Plan's appeals procedure. Moreover, there is no indication that Bennett's claim would be denied on appeal. See Fallick v. Nationwide Mut. Ins. Co., 162 F.3d 410, 419 (6th Cir. 1998) ("A plaintiff must show that it is certain that his claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision.") (internal quotation omitted). Thus, the District Court's decision not to apply the futility exception was a proper exercise of its discretion.

IV.

Bennett further argues that Prudential's failure to provide him with a lump-sum distribution was discriminatory and that Prudential improperly failed to inform him of the 2002 amendment to the Plan.[2] According to Bennett's complaint, in 2002, Prudential offered its then-current employees the option of transferring from the Traditional Retirement Plan to another plan which permitted all participants to elect a lump-sum pension distribution. The Traditional Retirement Plan, under which Bennett is eligible to receive benefits, provides a lump-sum distribution only if the total accrued benefit is less than $5000 or if an additional retirement benefit was granted as a result of an involuntary separation from service.

---

[2] Unlike Bennett's claim to enforce the terms of the Plan, these two claims – which assert rights established by the ERISA statute – do not require exhaustion of Plan remedies. See D'Amico v. CBS Corp., 297 F.3d 287, 290-91 (3d Cir. 2002).

Section 510 of ERISA, 29 U.S.C. § 1140, provides in pertinent part that "[i]t shall be unlawful for any person to . . . discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . ." As we have noted, however, "Congress enacted § 510 primarily to prevent 'unscrupulous employers from discharging or harassing their employees in order to keep them from obtaining vested pension rights.'" Gavalik v. Cont'l Can Co., 812 F.2d 834, 851 (3d Cir. 1987) (quoting West v. Butler, 621 F.2d 240, 245 (6th Cir. 1980)). In this connection, suits for discrimination under § 510 are "limited to actions affecting the employer-employee relationship," not mere changes in the level of benefits. Haberern v. Kaupp Vascular Surgeons Ltd., 24 F.3d 1491, 1503 (3d Cir. 1994). Prudential's 2002 offer of a lump-sum payment distribution to its then-current employees did not change its relationship with retirees, such as Bennett. See Fischer v. Philadelphia Elec. Co., 96 F.3d 1533, 1543 (3d Cir. 1996). Accordingly, we are satisfied that Prudential did not violate § 510 of ERISA.

Bennett further alleges that Prudential failed to inform him of the 2002 Plan amendment. Pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), a plan participant may have a cause of action for a breach of fiduciary duty. See Bixler v. Central Penn. Teamsters Health & Welfare Fund, 12 F.3d 1292, 1299-1300 (3d Cir. 1993). We have recognized a "fiduciary's duty to deal fairly with its beneficiary and, more specifically, 'to communicate to the beneficiary material facts affecting the interest of the beneficiary which he knows the beneficiary does not know and which the

7

beneficiary needs to know for his protection.'" In re Unisys Corp. Retiree Medical Benefit "ERISA" Litigation, 242 F.3d 497, 509 (3d Cir. 2001) (quoting Bixler, 12 F.3d at 1300). Moreover, "any provision of a plan subject to ERISA that establishes a benefit is a material term of the plan." Curcio v. John Hancock Mut. Life Ins. Co., 33 F.3d 226, 237 (3d Cir. 1994). Although the 2002 amendment to the Plan established a benefit – an unrestricted lump-sum distribution option – it did so only for its then-current employees. Bennett was ineligible for this benefit because he voluntarily resigned from Prudential in 1980. Consequently, because Bennett could not have been harmed by the change to the Plan, he cannot establish that Prudential breached its fiduciary duties. See In re Unisys Corp. Retiree Med. Benefit "ERISA" Litig., 57 F.3d 1255, 1264 (3d Cir. 1995) (holding that a misleading statement or omission by a fiduciary is actionable if "there is a substantial likelihood that it would mislead a reasonable employee in making an adequately informed retirement decision").

## V.

We have considered Bennett's remaining arguments, that "[t]he District Court ignored the facts presented by the Plaintiff," issued an order granting the motion to dismiss that was "vague" and contained cases "not related or relevant" to his claims, and ruled against him because of his pro se status. We find these arguments without merit and in need of no separate discussion. We note that Prudential's Brief fully and accurately sets forth the reasons why these various contentions must be rejected. For the reasons stated, we will affirm the District Court's judgment.

8