Diane L. LINDEMANN, Plaintiff–Appellant,

v.

MOBIL OIL CORPORATION, Defendant–Appellee.

No. 95–2808.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 16, 1996.

Decided March 27, 1996.

Rehearing Denied April 12, 1996.

Frank p. Tighe, III (argued), Oak Brook, IL, for Plaintiff-Appellant.

Jeffrey M. Cross, Patrick J. Ahern (argued), Stephen A. Wood, Kelley, Drye & Warren, Chicago, IL, for Defendant-Appellee.

Before POSNER, Chief Judge, CUMMINGS and BAUER, Circuit Judges.

CUMMINGS, Circuit Judge.

This case involves the question whether a district court abused its discretion by requiring a plaintiff to exhaust her administrative remedies prior to filing a federal lawsuit alleging a violation of the Employee Retirement and Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1140. We hold that the decision was not an abuse of discretion and therefore affirm.

### Background

At the time of her termination, Diane Lindemann had been employed by Mobil Oil Corporation ("Mobil") for roughly seventeen years. She had taken twenty-six "sick days" in the two years prior to her termination and was compensated for each under Mobil's employee benefits plan. On the morning of May 31, 1994, Lindemann called her supervisor to request that she be allowed to miss work that day. It is disputed whether she asked for a "sick day" or just for "the day off," but in any event the request was denied and she did not show up for work that day or

the next. As a result, her employment was terminated by a letter dated June 6, 1994. The letter stated that she was "unable to fulfill the duties and responsibilities of [her] job" because of her failure to be at work regularly and on time.

On June 27, 1994, Lindemann filed a claim for benefits with Mobil in the following letter:

> I feel I am entitled to severance pay with Mobil Oil Corp. With 17 years of dedicated service and always rated FP on performance appraisals, I have been under 2 doctors care and because I called in sick to my Supervisor on May 31 & June 1 which was beyond my control to avoid, my supervisor J. Lieb when I reported to work on June 2 & June 3 refused to talk to me and on June 6th terminated my employment with Mobil Oil. I asked to talk to an E.R. advisor but was refused a phone call & told me to call from home. I called Bob Harrop, E.R. advisor when I got home and asked him questions and he said he would call me back but never did. Please look into the situation and advice [sic] me.

On August 12, 1994, Mr. Harrop wrote to Lindemann to inform her that he had reviewed her claim and found that she was ineligible for separation benefits because she had been discharged "for cause." Lindemann filed a lawsuit against Mobil on August 18, 1994, alleging that she was terminated in violation of Section 510 of ERISA, 29 U.S.C. § 1140. That section provides that "[i]t shall be unlawful for any person to discharge . . . a participant or beneficiary . . . for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan." 29 U.S.C. § 1140. She sought reinstatement and the award of back pay as her remedy for the violation.[1]

After filing the lawsuit, Lindemann requested that Mobil review her original administrative claim. Mobil upheld the denial of her claim on initial review November 10, 1994, and again on final review November 29, 1994. Because the district court found that

Lindemann's administrative claim had involved only her entitlement to severance pay, and not the ERISA violation alleged in her lawsuit, the court held that she had failed to exhaust her administrative remedies on her ERISA claim and thus granted Mobil summary judgment.

### Discussion

■ We review the grant of a summary judgment de novo, viewing the facts alleged in the complaint and the legitimate inferences to be drawn therefrom in the light most favorable to the non-moving party. *East Food & Liquor, Inc. v. United States,* 50 F.3d 1405, 1410 (7th Cir.1995).

■ We agree with the district court that Lindemann failed to make an administrative claim that Mobil interfered with her right to short-term benefits by terminating her. Her only administrative claim, quoted in her letter above, makes no mention of Mobil wrongfully discharging her or interfering with her short-term benefits; it states only her belief that she was "entitled to severance pay" and that she wished someone to review that claim. Thus she did not exhaust her administrative remedies on the ERISA claim prior to pursuing that claim in federal court.

■ Lindemann makes two arguments why her failure to exhaust her administrative remedies should not bar her federal claim. First, she argues that we should carve out an exception to the exhaustion requirement for situations such as hers. She agrees that the exhaustion requirement makes sense where the plan participant is seeking to recover the actual benefits allegedly interfered with because there an administrator's interpretation of the plan is useful to a court reviewing the benefits claim. However, she argues that where the plaintiff's claim is for wrongful discharge and she is seeking only reinstatement and back pay, an administrator's interpretation of the plan is irrelevant and the exhaustion requirement is thus useless. In

---

1. Because Section 510 prohibits only the termination of a plan participant for the purpose of interfering with "the attainment of any right to which such participant may become entitled," and because Lindemann's lawsuit does not allege

any interference with long-term benefits, it appears that her claim is that Mobil violated section 510 by terminating her employment for the purpose of interfering with her right to take sick days.

support of her argument, she points out that the Third, Ninth, and Tenth Circuits have created a distinction between claims for benefits, which require exhaustion, and claims based upon ERISA itself, which do not. See *Held v. Manufacturers Hanover Leasing Corp.*, 912 F.2d 1197, 1205 (10th Cir.1990); *Zipf v. American Tel. & Tel. Co.*, 799 F.2d 889, 893 (3d Cir.1986); *Amaro v. Continental Can Co.*, 724 F.2d 747 (9th Cir.1984).

■ However, Lindemann fails to note that an administrator's interpretation of a plan is not the only useful function served by the exhaustion requirement. Exhaustion also "enables plan fiduciaries to . . . assemble a factual record which will assist a court in reviewing [their] actions." *Makar v. Health Care Corp. of Mid–Atlantic*, 872 F.2d 80, 83 (4th Cir.1989). Furthermore, Congress's apparent intent in mandating internal claims procedures found in ERISA was to minimize the number of frivolous lawsuits, promote a non-adversarial dispute resolution process, and decrease the cost and time of claims settlement. See 29 U.S.C. § 1133; 29 C.F.R. § 2560.503–1; see also *Communications Workers of Amer. v. American Tel. & Tel.*, 40 F.3d 426, 432 (D.C.Cir.1994) ("Exhaustion may render subsequent judicial review unnecessary because a plan's own remedial procedures will resolve many claims."). Thus we have noted that exhaustion "support[s] the important public policy of encouraging private rather than judicial resolution of disputes under ERISA." *Kross v. Western Elec. Co.*, 701 F.2d at 1246 (7th Cir.1983). These functions are served whether the plaintiff structures her claim to seek the actual benefits allegedly interfered with, or to seek other remedies such as reinstatement. These advantages outweigh a plaintiff's relatively minor inconvenience of having to pursue her claims administratively before rushing to federal court, and we note that we are not alone on this issue. See *Hickey v. Digital Equip. Corp.*, 43 F.3d 941, 945 (4th Cir.1995); *Communications Workers of Amer.*, 40 F.3d at 432; *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir.1991); *Simmons v. Willcox*, 911 F.2d 1077, 1081 (5th Cir.1990); *Curry v. Contract Fabricators Inc. Profit Sharing Plan*, 891 F.2d 842, 846 (11th Cir.1990); *Leonelli v.*

*Pennwalt Corp.*, 887 F.2d 1195, 1199 (2d Cir.1989); *Drinkwater v. Metropolitan Life Ins. Co.*, 846 F.2d 821, 825–826 (1st Cir.1988), certiorari denied, 488 U.S. 909, 109 S.Ct. 261, 102 L.Ed.2d 249. Thus the law of this Circuit remains that the decision to require exhaustion as a prerequisite to bringing a federal lawsuit is a matter within the discretion of the trial court and its decision will be reversed only if it is obviously in error. *Powell v. American Tel. & Tel. Comm., Inc.*, 938 F.2d 823, 825 (7th Cir.1991).

■ Second, Lindemann argues that her failure to exhaust her administrative remedies should be excused because doing so would have been futile. In order to come under the futility exception to the exhaustion requirement a plaintiff must show that "it is certain that [her] claim will be denied on appeal, not merely that [she] doubts that an appeal will result in a different decision." *Smith v. Blue Cross & Blue Shield United of Wis.*, 959 F.2d 655, 659 (7th Cir.1992) (emphasis added). Lindemann's only argument for futility is that her ERISA claim is so similar to her claim for separation benefits that Mobil would have denied it as well. She offers no evidence on the issue. Mobil's letters denying Lindemann's administrative claim stated only that she was not entitled to separation benefits because Mobil's employee benefit plan explicitly contains the following limitation: "Employees will lose eligibility for Enhanced Separation Benefits if . . . discharged for cause." The two claims are not so identical that Mobil's denial of the claim for separation benefits demonstrates with certainty that it would deny the ERISA claim as well. As discussed above, Lindemann herself argued that her wrongful termination claim was so different from a benefits claim that an exception to the exhaustion requirement was warranted. In short, Lindemann has not shown that it would have been futile for her to pursue her ERISA claim administratively.

■ Finally, Lindemann argues that the district court should not have granted Mobil summary judgment, but instead should have granted her a stay of her case pending completion of administrative review, which she

requested in a motion to amend her judgment pursuant to Fed.R.Civ.P. 59(e). The decision whether to stay a proceeding is entirely within the district court's discretion, and Lindemann has not demonstrated that Judge Castillo abused his discretion here.

### Conclusion

Judge Castillo's decision to require Lindemann to exhaust her administrative remedies prior to pursuing her ERISA action in federal court, and his decision to grant Mobil summary judgment as opposed to staying Lindemann's case were not abuses of his discretion.

Judgment affirmed.