# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 99-2170

_____

Kathleen Burds; Patricia Caramagno;    *
Susan Carriere; Lynn Cuddihy; Kathy    *
Darnell; Vicky Edmonds; Pamela    *
Engelke; Helen Garcia; Delica    *
Herndon; Yolanda Herron; Gerri Hohl;    *
Gail Huss; Gilma Jones; Peggy    *
Lavelle; Gwen Lippold; Mary    *      Appeal from the United States
McLaughlin; Connie Peterson; Joan    *      District Court for the
Quinton-Cox; Carol Anne Ruthloff;    *      Eastern District of Missouri.
Marcie Sheehy; Deborah Walley;    *
Jeannie Barkman-White,    *
     *
          Appellants,    *
     *
     v.    *
     *
Union Pacific Corporation;    *
Southern Pacific Transportation    *
Company; Southern Pacific Rail    *
Corporation; St. Louis Southwestern    *
Railway Company; Rio Grande    *
Industries, Inc. Health and    *
Welfare Plans; Southern Pacific Rail    *
Corporation Thrift Plan; Southern    *
Pacific Rail Corporation Medical Plan,    *
as of 1/1/94; Rio Grande Industries,    *
Inc., Medical, Dental, and Health    *
Care Plan; Rio Grande Industries,    *
Inc. Life, Personal Acc & Bus    *
Trav. Plan; Rio Grande Industries,    *
Inc. Benefit Choices Plan, effective    *

1/1/90; Rio Grande Industries, Inc.  *
Medical Benefits Plan, effective  *
1/1/90; Rio Grande Industries, Inc.  *
Dental Benefits Plan, effective 1/1/90;  *
Rio Grande Industries, Inc.  *
Business Travel Accident Plan,  *
effective 1/1/90; Rio Grande Industries,  *
Inc. Health Care Reimbursement Plan,  *
effective 1/1/90; Rio Grande Industries,  *
Inc. Dependent Care Reimbursement  *
Plan; Rio Grande Industries, Inc.  *
Long Term Disability Plan, effective  *
1/1/90,  *
          *
      Appellees.  *

————

Submitted:  January 13, 2000
Filed:  August 18, 2000

——————

Before RICHARD S. ARNOLD, BRIGHT, and HANSEN, Circuit Judges.

——————

HANSEN, Circuit Judge.

Twenty-three nurses ("the nurses") filed an action against the appellees (collectively "Union Pacific"), alleging violations of ERISA[1] and Title VII of the Civil

—————————————

[1]The Employee Retirement Income Security Act of 1974 (codified as amended at 29 U.S.C. §§ 1001-1461 (1994 & Supp. III 1997) and in scattered sections of Title 26 U.S.C.).

Rights Act of 1964. The district court[2] dismissed both the ERISA and Title VII claims for failure to exhaust administrative remedies. All but one of the nurses appeal. We affirm.

# I.
## Facts

The nurses who are appellants in this action all entered into individual employment contracts at various times between 1971 and 1997 with the railroad appellees to provide nursing consultive services. Each contract specifically designated the signatory nurse as an independent contractor rather than an employee of the railroads.

In the mid-1990's, the Railroad Retirement Board (RRB) examined the propriety of Union Pacific's classification of nine nurses as independent contractors. After reviewing the nurses' contracts, as well as Internal Revenue Service (IRS) documents, the RRB, using definitions contained in the Railroad Retirement Act and the Railroad Unemployment Insurance Act, concluded that the nine nurse consultants who provided services for Union Pacific in the early 1990's actually were employees of the railroads rather than independent contractors. Following the RRB's determination, these twenty-three nurses brought this action in federal district court seeking damages for violations of ERISA and Title VII.[3] Both sides filed motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The district court granted Union

---

[2]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

[3]The nurses also alleged other statutory and state common law violations, which the district court dismissed for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). The nurses are not appealing the district court's Rule 12(b)(6) determinations.

Pacific's motion for summary judgment with regard to the ERISA and Title VII claims after finding that the nurses failed to exhaust their administrative remedies. All but one of the nurses appeal the district court's summary judgment determinations to this court.

## II.
## Discussion

We review a district court's summary judgment determinations de novo, applying the same standards as the district court. See Treanor v. MCI Telecomms. Corp., 200 F.3d 570, 573 (8th Cir. 2000).

### A. ERISA Claims

The nurses contend that by improperly classifying them as independent contractors rather than employees, Union Pacific wrongfully denied them participation in employee benefit plans offered to other employees. Pursuant to § 502(a)(1)(B) of ERISA, the nurses seek to enforce and clarify their rights under the employee benefit plans. They also seek to recover benefits that they allege they would have received if they had been allowed to participate in the plans. The nurses additionally allege violations of § 510 of ERISA, which provides that "[i]t shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary . . . for the purpose of interfering with the attainment of any right to which such participant may become entitled . . ." under the employee benefits plan at issue. 29 U.S.C. § 1140.

Without addressing the merits of the nurses' ERISA claims, the district court held that the claims must be dismissed because the nurses failed to exhaust their administrative remedies. The district court noted that although ERISA itself contains no exhaustion requirement, beneficiaries must exhaust their administrative remedies if

such exhaustion is mandated by the ERISA plan at issue. The district court is correct. It is well-established that when exhaustion is clearly required under the terms of an ERISA benefits plan, the plan beneficiary's failure to exhaust her administrative remedies bars her from asserting any unexhausted claims in federal court. See Layes v. Mead Corp., 132 F.3d 1246, 1252 (8th Cir. 1998). Exhaustion is clearly required under the plans at issue in this case, and the nurses did not pursue their administrative remedies before seeking relief from the federal court. Hence, the nurses claims are barred.[4]

The nurses argue that exhaustion requirements are not applicable to plaintiffs pursuing remedies for violations of § 510 of ERISA. The nurses contend that claims brought pursuant to § 510 implicate questions of statutory analysis and do not require courts to interpret the ERISA benefit plan in order to determine whether a statutory violation has occurred. We note that a split exists among the circuits as to whether exhaustion is required when a plaintiff alleges a violation of § 510. Some courts hold that exhaustion in a § 510-type context is not required. See Smith v. Sydnor, 184 F.3d 356, 364 (4th Cir. 1999), cert. denied, 120 S. Ct. 934 (2000); Richards v. General Motors Corp., 991 F.2d 1227, 1235 (6th Cir. 1993); Held v. Manufacturers Hanover Leasing Corp., 912 F.2d 1197, 1205 (10th Cir. 1990); Berger v. Edgewater Steel Co., 911 F.2d 911, 916 n.4 (3d Cir. 1990), cert. denied, 499 U.S. 920 (1991); Amaro v. Continental Can Co., 724 F.2d 747, 750-52 (9th Cir. 1984). Other courts extend the exhaustion requirement to § 510-type claims. See Counts v. American Gen. Life and Accident Ins. Co., 111 F.3d 105, 109 (11th Cir. 1997); Lindemann v. Mobil Oil Corp., 79 F.3d 647, 650 (7th Cir. 1996) (holding that although exhaustion principles apply to § 510-type claims, the decision to require exhaustion in the § 510-type context lies

[4]ERISA plan beneficiaries are not required to exhaust their claims if they can demonstrate that exhaustion "would be wholly futile." Glover v. St. Louis-San Francisco Ry., 393 U.S. 324, 330 (1969). The nurses, however, have failed to show futility in this case.

within the discretion of the district court). The question of whether exhaustion is required when a plaintiff is alleging a § 510 violation has not been addressed by this court. We need not, however, resolve the question in the context of this case.

Although the nurses allege that they "are challenging the legality of [Union Pacific's] plan provisions which attempt to define out the Nurses in violation of ERISA and the IRS code," (Appellants' Br. at 26), in this case, the district court cannot consider such a challenge without interpreting Union Pacific's benefit plans. Hence, the challenge presented is not simply a question of statutory analysis. Rather, the question of whether Union Pacific's plans operate in a manner that impermissibly excludes the nurses from participation necessarily requires the district court to interpret the operation and application of the employee benefits plans. In particular, the question of whether these nurses, who were always paid on an hourly basis, are "salaried employees" is critical to a determination of whether they ever were eligible to be "participants" in the plans.

In cases where resolution of the § 510 issue turns on an interpretation of the ERISA benefits plan at issue, a district court does not abuse its discretion in requiring plaintiffs to exhaust their administrative remedies. Cf. Lindemann, 79 F.3d at 650 ("Thus the law of [the Seventh] Circuit remains that the decision to require exhaustion as a prerequisite to bringing a federal lawsuit is a matter within the discretion of the trial court and its decision will be reversed only if it is obviously in error") (citations omitted); Zipf v. American Tel. & Tel. Co., 799 F.2d 889, 894 n.6 (3d Cir. 1986) ("We acknowledge that cases may arise in which a Section 510 claim is so closely intertwined with a serious issue requiring interpretation of a benefit plan that a trial court could properly stay the statutory action pending resolution of the issue by the plan fiduciaries"); Stumpf v. Cincinnati, Inc., 863 F. Supp. 592, 598 (S. D. Ohio 1994) (holding that in cases where the § 510 claim is so intertwined with an issue necessitating interpretation of a benefit plan, a district court has discretion to stay the § 510 action pending an administrative resolution of the issue), aff'd, 70 F.3d 116 (6th

Cir. 1995) (unpublished table decision). We do not reach the question of whether exhaustion of administrative remedies is required in every case where the plaintiff is asserting a § 510 violation. We simply hold that in the facts and circumstances of this case, the district court committed no error in dismissing the nurses' § 510 claims without prejudice and requiring them to exhaust their administrative remedies before seeking court relief.

**B. Title VII Claims**

The nurses allege that Union Pacific violated Title VII of the Civil Rights Act of 1964 by discriminating against them on the basis of gender. The district court dismissed their claims after finding that Nurse Gail Huss, the only nurse to file an administrative claim before the Equal Employment Opportunity Commission, failed to file her claim within 180 days of the alleged discriminatory acts as required by law. See 42 U.S.C. § 2000e-5(e). Nurse Huss argues that she remained unaware of Union Pacific's gender discrimination until the RRB issued its decision in 1996. The district court disagreed. The district court noted that during "her deposition, Huss testified that the only sex discrimination that she experienced was defendants' act of classifying her as an independent contractor rather than an employee, thereby denying her benefits. It is undisputed that Huss ceased being an independent contractor and became an employee with full benefits in August of 1990. It follows that August of 1990 is the last possible date on which actionable sex discrimination could have occurred." (Appellants' Add. at 17.) We are persuaded by the district court's thorough and well-reasoned opinion. We conclude, therefore, that the district court properly dismissed the nurses' Title VII claims.

## III.
### Conclusion

For the foregoing reasons, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.