In the

# United States Court of Appeals

## For the Seventh Circuit

No. 02-1074

JIN ZHOU,

*Plaintiff-Appellant,*

*v.*

GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 01-C-4816—**Ronald A. Guzmán**, *Judge.*

ARGUED MAY 30, 2002—DECIDED JULY 1, 2002

Before FLAUM, *Chief Judge*, and HARLINGTON WOOD, JR.,
and MANION, *Circuit Judges.*

FLAUM, *Chief Judge.* Jin Zhou, a licensed chiropractor,
treated Arleen Baker from June to October of 2000. Baker
participated in an insurance plan for which Guardian Life
Insurance Co. of America ("Guardian") administered the
claims. Baker assigned Zhou the right to receive payment
from Guardian. That is, rather than bill Baker directly,
Baker permitted Zhou to submit the costs of his treatment
directly to Guardian. When Guardian denied full payment
of these claims, Zhou filed suit. The district court dismissed
Zhou's claims because he failed to exhaust his administra-
tive remedies and, alternatively, because the rights Bak-

er attempted to assign were unassignable. For the reasons stated below, we affirm the district court's decision.

## I.  BACKGROUND

From June 13, 2000 to October 27, 2000, Zhou saw Baker in his office over thirty times. Baker assigned her reimbursement rights under her healthcare plan ("the Plan") to Zhou, who submitted a bill to Guardian for the services he rendered during the above period. Guardian, in turn, forwarded Zhou's record of treatments to an independent medical review consultant. The consultant determined that, after September 9, 2000, Baker required only one office visit for chiropractic treatment per week. On October 27, 2000, based upon this report, Guardian determined that the claims submitted by Zhou exceeded what was medically necessary and partially denied payment. However, Guardian invited Zhou to submit additional documentation and to request further review of its claim decision.

On December 19, 2000, after some correspondence and telephone contact between the parties, Zhou filed an appeal of Guardian's partial denial of benefits. In this letter, Zhou claimed that the procedural notice afforded to him by Guardian was inadequate under the Employee Retirement Income Security Act ("ERISA") because, *inter alia*, "it fail[ed] to provide the specific reason or reasons for denial and the specific reference to pertinent documents on which the denial is based." In addition, Zhou requested that Guardian provide him with Plan documents, the names of Guardian employees who reviewed his claim, as well as all internal Guardian communications pertaining to his file. On April 4, 2001, Zhou sent a second letter, reiterating his request for certain documents. Guardian acknowledged receipt of Zhou's appeal and request for information on April 30, 2001. In its correspondence to Zhou,

Guardian indicated that his appeal (and his requests for information) would be reviewed by Guardian's legal department.

On June 6, 2001, Guardian issued its response to Zhou's appeal and request for information. In this response, Guardian stood by its partial denial of benefits—citing a report from a second medical consultant who confirmed that the number of treatments given by Zhou to Baker exceeded medical necessity. With respect to Zhou's requests for information, Guardian told him that it was not the Plan sponsor, or Plan fiduciary. Rather, Guardian identified itself as a fiduciary only with respect to the processing and payment of claims. According to Guardian, Zhou was required to seek the governing Plan documents from the actual Plan sponsor. In addition, Guardian flatly refused to identify the individuals who participated in the review and partial denial of Zhou's claim or to release any internal Guardian communications. Lastly, Guardian invited Zhou to pursue a further appeal of its decisions.

Zhou declined to pursue further administrative appeals and instead, on June 25, 2001, filed suit. In his complaint, Zhou alleged two separate theories of recovery under ERISA. First, Zhou sought to recover payment of benefits. Next, Zhou claimed that, in failing to release Plan documents, Guardian violated ERISA's disclosure and reporting requirements.

Guardian moved to dismiss Zhou's complaint on two principal grounds: that he failed to exhaust his administrative remedies by pursuing further appeals and that, as a third-party assignee of benefits, he lacked standing to bring suit. The district court granted Guardian's motion, stating that Zhou's complaint merited dismissal on both grounds.

This appeal has ensued.

## II.  DISCUSSION

At the outset, we need not reach the issue of whether Zhou lacks standing to bring suit under the Plan as a third-party assignee of benefits. Instead, this case may be resolved solely on exhaustion grounds.

As a pre-requisite to filing suit, an ERISA plaintiff must exhaust his internal administrative remedies. *Doe v. Blue Cross & Blue Shield United of Wisc.*, 112 F.3d 869, 873 (7th Cir. 1992). This requirement furthers the "goals of minimizing the number of frivolous lawsuits" and enables the preparation of a more complete factual record for judicial review. *Gallegos v. Mt. Sinai Medical Center*, 210 F.3d 803, 807-08 (7th Cir. 2000). Accordingly, we review a district court's decision to dismiss a complaint on exhaustion grounds for an abuse of discretion. *See, e.g., Shawnee Trail Conservancy v. U.S. Dept. of Agriculture*, 222 F.3d 383, 389 (7th Cir. 2000). A party appealing under this standard bears a heavy burden, for "a decision constitutes an abuse of discretion when it is not just clearly incorrect, but downright unreasonable." *Cincinnati Ins. Co. v. Flanders Elec. Motor Svc.*, 131 F.3d 625, 628 (7th Cir. 1997). We find that the district court did not abuse its discretion in dismissing Zhou's complaint.

Zhou admits that he did not exhaust his administrative remedies and pursue further administrative appeals of the partial denial of his claim. Perhaps in an effort to cure this defect, Zhou now claims that he was excused from exhaustion by the alleged futility of further appeal. There is indeed an exception to the exhaustion requirement when further administrative appeal is futile. *See Lindeman v. Mobil Oil Corp.*, 79 F.3d 647, 650 (7th Cir. 1996). However, for a party to come within the futility exception, he "must show that it is certain that [his] claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision." *Id.* Save for bald allegations and

conclusory statements, Zhou has proffered no facts that would lead this court to find that it was a certainty that further administrative appeal would result in a denial of his claim. When a party has proffered no facts indicating that the review procedure that he initiated will not work, the futility exception does not apply. *See*, *e.g.*, *Talamine v. Unum Life Ins. Co. of America*, 803 F. Supp. 198, 201 (N.D. Ill. 1992).

In light of Zhou's failure to support his assertions that further administrative appeal would have been futile, and the deferential standard of review that we must exercise, the district court's opinion is AFFIRMED.

A true Copy:

    Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*