**Michael D. ANDERSON, et al.,
Plaintiffs–Appellants,**

**v.**

**LASALLE STEEL CO., et al.,
Defendants–Appellees.**

**No. 04–3812.**

United States Court of Appeals,
Seventh Circuit.

Submitted March 30, 2005.*

Decided March 30, 2005.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Michael D. Anderson, Lowell, IN, pro se.

Paul Grish, Wheatfield, IN, pro se.

David Santos, East Chicago, IN, pro se.

Joe Hernandez, Whiting, IN, pro se.

Jimmie L. Richardson, Gary, IN, pro se.

David C. Jensen, Eichhorn & Eichhorn, Hammond, IN, Frederick S. Rhine, Gessler Hughes Socol Piers Resnick & Dym, Chicago, IL, for Defendants–Appellees.

Before BAUER, POSNER, and EASTERBROOK, Circuit Judges.

## ORDER

Fourteen former employees of LaSalle Steel Company sued LaSalle and the Progressive Steelworkers of Hammond, Local 783, after losing their jobs in a labor dispute. The Union had voted to strike in May 1998 as a result of LaSalle's proposal to introduce a new pay scale that provided lower wages to new employees. LaSalle responded to the strike by hiring replacement workers and the picket line soon began to wobble, so the Union agreed to the new wage system and in June called for a return to work. A dispute lingered, however, over whether the strikers would be rehired or displaced by the replacement workers. The parties finally resolved the matter in a settlement agreement and signed a new collective bargaining agreement (CBA) in March 1999. The settlement agreement provided that the replacement workers would retain their jobs, but the strikers would receive preference for new jobs as they became available. A side agreement also awarded early pensions to workers who had lost their jobs shortly before becoming eligible for them. Many of the plaintiffs collected under the side agreement, but two of them, Mike Anderson and Paul Gryzch, were informed that they did not qualify.

LaSalle allegedly violated the terms of the settlement agreement in January 2000 by hiring a number of new workers "off the street" even though some thirty strikers—including the plaintiffs—were still waiting to be recalled. The Union responded by filing an unfair labor practice charge with the National Labor Relations Board (NLRB). This charge was dropped, however, pursuant to a settlement reached in January 2001. In exchange for the Union's withdrawal of the NLRB complaint and termination of the remaining strikers' recall rights, LaSalle agreed to reinstate the original salaries of six strikers who had been rehired at the lower wages introduced in 1998.

The employees who were not recalled filed suit in May 2001 with claims under the Employee Retirement Income Security Act (ERISA), Labor Management Relations Act (LMRA), Age Discrimination in Employment Act (ADEA), and Older Workers Benefit Protection Act (OWBPA), as well as a number of other federal and state claims that have not been pressed on

appeal. On the motion of LaSalle and the Union, the district court granted summary judgment. On the ERISA claim, the court stated that LaSalle "has not denied any pension benefits" to the employees, and noted that "no one has filed a request for a review of a denial of benefits under the Plan." The court next granted judgment on the workers' hybrid claim for a breach of the CBA under § 301 of the LMRA and breach of the duty of fair representation, concluding that the workers had not provided any evidence that the employer had breached the CBA nor that the union had violated its fiduciary duties by settling the NLRB complaint in January 2001. Finally, the court granted judgment on the employees' ADEA and OWBPA claims, finding that the workers had failed to wait 60 days after filing an EEOC charge to bring suit, as required by 29 U.S.C. § 626(d).

■ On appeal the employees first challenge the denial of their ERISA claim,[1] contending that the district court erred by considering the claims of the wrong plaintiffs. The employees state that they emphasized in their memorandum opposing summary judgment that the ERISA claim pertained only to Anderson and Gryzch, but the district court focused instead on Joe Hernandez, Terry Cothran, Rodney Fields, Thomas Golson, and Mike Bailey. The employees contend that Anderson and Gryzch were entitled to, but did not receive, early pensions under the 1999 side agreement.

The employees are correct that the district court erred by ignoring Anderson's and Gryzch's ERISA claims; this oversight appears to have resulted from the court's confusion over the employees' disorganized summary judgment memoran-

dum. Nevertheless, the mistake does not affect the district court's other basis for denying relief under ERISA: neither Anderson nor Gryzch exhausted his administrative remedies by first requesting an internal review of a denial of benefits or otherwise utilizing the benefit plan's claim procedures. *See Zhou v. Guardian Life Ins. Co. of Am.,* 295 F.3d 677, 679–80 (7th Cir.2002); *Doe v. Blue Cross & Blue Shield United of Wis.,* 112 F.3d 869, 873 (7th Cir.1997); *Filipowicz v. Am. Stores Benefit Plans Comm.,* 56 F.3d 807, 813 (7th Cir.1995). The employees make no argument that the district court abused its discretion on this point, so the court's resolution of this claim must stand.

■ Next the employees contend that the district court erred by granting judgment on their hybrid § 301/duty of fair representation claim. They argue that the Union behaved irrationally by settling the NLRB charge in a way that "extinguish[ed] all the rights of the Plaintiffs," and contend that the district court should have found this to be a breach of the Union's duty of fair representation.

The employees cannot prevail on this claim, for they adduced no evidence that the Union's decision to settle the NLRB charge was arbitrary, discriminatory, or in bad faith—in other words, that the decision fell so far outside a wide range of reasonableness that it rose to the level of irrational conduct. *See Air Line Pilots Ass'n, Int'l v. O'Neill,* 499 U.S. 65, 78, 111 S.Ct. 1127, 113 L.Ed.2d 51 (1991); *Morales–Vallellanes v. Potter,* 339 F.3d 9, 16 (1st Cir.2003). By contrast, the Union offered uncontested evidence that its lawyers settled the charge because of the

---

1. The appellants' *pro se* brief is not a model of clarity, but upon a generous reading we are able to discern several arguments challenging the district court's judgment, and we there-

fore deny the Union's pending motion to dismiss the appeal under *Anderson v. Hardman,* 241 F.3d 544 (7th Cir.2001).

relative strength of their case, and because proceeding with the complaint would not have won any new jobs for strikers since LaSalle did not plan to hire any workers before the expiration of the CBA several months later. Under these circumstances, we cannot say that the Union acted arbitrarily or irrationally by settling the case and winning what rights it could for reinstated workers, even if doing so meant giving up on the employees who had not been recalled to work. *See Griffin v. Air Line Pilots Ass'n, Int'l,* 32 F.3d 1079, 1083 (7th Cir.1994) (union given wide latitude to make tactical decisions, even those that benefit some workers at the expense of others); *see also Garcia v. Zenith Elec. Corp.,* 58 F.3d 1171, 1175–81 (7th Cir.1995) (same); *Cleveland v. Porca Co.,* 38 F.3d 289, 295–96 (7th Cir.1994) (same).

Finally the employees challenge the grant of judgment on their ADEA and OWBPA claims. They contend—in a single sentence and without any supporting authority—that they were not required to wait 60 days after filing charges with the EEOC to bring suit because these claims "were induced by a breach of contract." This argument, however, is raised for the first time on appeal and we will not consider it. *See Williams v. REP Corp.,* 302 F.3d 660, 666 (7th Cir.2002).

AFFIRMED.