David GRENELL

v.

The UPS HEALTH AND WELFARE PACKAGE, et al.

No. CV 04–10375 JFW(CTX).

United States District Court, C.D. California.

April 29, 2005.

PROCEEDINGS (IN CHAMBERS): ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) [filed 04/06/05; Docket No. 20]

WALTER, District Judge.

On April 6, 2005, Defendants The UPS Health and Welfare Package and United Parcel Service of America, Inc. (collectively, "Defendants") filed a Motion to Dismiss For Failure to State a Claim Under Federal Rule of Civil Procedure 12(b)(6) (the "Motion"). On April 18, 2005, Plaintiff filed his Opposition. On April 25, 2005, Defendants filed a Reply, Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7–15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for May 2, 2005 is hereby vacated, and the matter taken off calendar. After considering the moving, opposing, and reply papers and the arguments therein, the Court rules as follows:

## I. Factual Background

Plaintiff was employed by Defendant United Parcel Service of America, Inc. ("UPS") as a driver. As a UPS employee, Plaintiff was covered by UPS' Health and Welfare Package (the "Plan"), which provided Plaintiff with short-term and long-term disability insurance, among other benefits. In September 2000, Plaintiff began suffering back pain, neck pain and numbness in his hands. Complaint, ¶ 14. These symptoms worsened over time, hindering Plaintiff's ability to perform his job duties. *Id.* Eventually, Plaintiff's doctor recommended that he cease working, which he did on September 5, 2001. *Id.* On February 8, 2002, over five months after Plaintiff became disabled, Plaintiff telephoned Kemper National Services ("Kemper"), claims administrator for the Plan, and reported his disability claim. Complaint, ¶ 20. Plaintiff alleges that when he was asked by Kemper if his disability was work-related, he replied that he did not know, and further advised that he had not yet filed a worker's compensation claim. *Id.* Plaintiff also informed Kemper that "his disability was caused by chest pain, numbness to the left leg and arm and that his doctors were still evaluating his cervical problems." *Id.* On February 20, 2002, a representative of Kemper notified Plaintiff in a letter that his claim was denied as untimely.[1] Although the Plan provides for a multi-level appeals process with independent review at each level, Plaintiff never appealed the denial of his claim. Instead, on December 21, 2004, Plaintiff filed the Complaint in this action, which alleges that Defendants wrongfully denied his claim for disability benefits in violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA").[2]

1. The letter from Kemper informed Plaintiff that "[p]ursuant to the [Plan], a Short Term Disability claim must be filed with in [*sic*] 30

days of the initial date of disability in order to receive benefits." Complaint, ¶ 21.

2. Defendants concede that the Plan is gov-

## II. Legal Standard

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Accordingly, "[a] Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Summit Technology, Inc. v. High–Line Medical Instruments Co., Inc.,* 922 F.Supp. 299, 304 (C.D.Cal.1996) (*quoting Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1988)). In deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party. *See, e.g., Wyler Summit Partnership v. Turner Broadcasting System, Inc.,* 135 F.3d 658, 661 (9th Cir.1998). "However, a court need not accept as true unreasonable Inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Summit Technology,* 922 F.Supp. at 304 (*citing Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir.1981), *cert. denied,* 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1555 n. 19 (9th Cir. 1989) (citations omitted). However, a court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment. *See, e.g., Id.; Branch v. Tunnell,* 14

F.3d 449, 454 (9th Cir.1994). Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *See Chang v. Chen,* 80 F.3d 1293, 1296 (9th Cir.1996).

## III. Discussion

■ ERISA permits a participant in an ERISA-regulated plan to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). However, prior to invoking this private right of action, an ERISA plaintiff must first exhaust the administrative dispute-resolution mechanisms provided for in the plan itself. *Chappel v. Laboratory Corp. of Am.,* 232 F.3d 719, 724 (9th Cir.2000); *Diaz v. United Agricultural Employee Welfare Benefit Plan and Trust,* 50 F.3d 1478, 1483 (9th Cir.1995) ("Quite early in ERISA's history, we announced as the general rule governing ERISA claims that a claimant must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court."). Defendants argue that Plaintiff's complaint should be dismissed because he failed to exhaust the administrative dispute-resolution remedies available to him under the Plan by failing to (a) file a timely disability claim under the Plan and (b) file an appeal after receiving his denial letter. Motion, p. 2.

■ The terms of the Plan required Plaintiff to file a claim for disability benefits "within 30 days of the initial date of disability."[3] Harris Dec., Ex. A, p. 67. It is undisputed that Plaintiff failed to file his claim with Kemper within the deadline set

erned by ERISA. Motion, p. 2.

**3.** Plaintiff attached to his Complaint excerpts from the version of the Plan in effect in 2002, when Plaintiff filed, and Kemper denied, his claim. *See* Complaint, Ex. A. In support of

their Motion, Defendants submitted complete copies of both the 2002 Plan and the version of the Plan in effect in 2001, when Plaintiff allegedly became disabled. Declaration of Stephen H. Harris, filed April 6, 2005 ("Harris Dec."), Exs. A, B. Under both versions of

forth in the Plan, Plaintiff admits that he became disabled on September 5, 2001. Complaint, ¶ 14. Accordingly, because the Plan requires participants to file disability claims within 30 days of the initial date of disability, Plaintiff was required to file his claim not later than October 5, 2001. However, Plaintiff waited until February 8, 2002 to file his claim. As a result, Plaintiff's claim was untimely and properly denied pursuant to the provisions of the Plan.

■ Although Plaintiff alleges that his failure to file a timely claim should be excused because "UPS deceitfully sought to prevent Mr. Grennell from filing ... [a] ... claim under the Plan," (Complaint, ¶ 22), he offers no such excuse for his complete failure to appeal the denial of his claim.[4] Instead, Plaintiff argues that he was not obligated to appeal the denial because such an appeal would have been futile. The Ninth Circuit has recognized a futility exception to the requirement that an ERISA plaintiff exhaust his administrative remedies prior to filing suit. *Amato v. Bernard,* 618 F.2d 559, 566, 568 (9th Cir.1980). However, although Plaintiff states in a conclusory fashion that "[a]ll of Grenell's further efforts would have been futile" and "[a]ny attempt by Grennell to file further appeals, or to perfect additional or new claims, would have

met with the same result: denial," Plaintiff completely fails to explain *why* an appeal of the claim denial would have been futile. Opposition, pp. 5, 8. Such unsupported allegations of futility will not sustain the futility exception to the exhaustion requirement. *Diaz,* 50 F.3d at 1485 ("bare assertions of futility are insufficient to bring a claim within the futility exception"). *See also Zhou v. Guardian Life Ins. Co. of Am.,* 295 F.3d 677, 680 (7th Cir.2002) ("When a party has proffered no facts indicating that the review procedure that he initiated will not work, the futility exception does not apply."). Moreover, the Ninth Circuit has held that the futility exception does not apply when a claim denial is founded on the employee's failure to comply with a plan's administrative requirements. *Diaz,* 50 F.3d at 1485–86 ("[Plaintiffs] argue that it would have been 'futile' for them to demand administrative review because both defendants have demonstrated by their continued refusal to pay that they have no intention of doing so. That argument is really circular, for defendants' current denial is pegged entirely to [Plaintiffs'] failure to have pursued the administrative route ... In this instance [Plaintiffs'] own delinquency in pursuing an internal appeal prevented the possibility of an administrative look at the merits, and the record contains nothing but speculation to suggest that

the Plan, Plaintiff was required to file a disability claim within 30 days of becoming disabled. Harris Dec., Ex. A, p. 67; Ex. B, p. 91.

4. Plaintiff was entitled to pursue an appeal of his denial through a multi-level internal appeals process. First, Plaintiff could have filed a "First Level Appeal" with Kemper within 180 days of receiving the denial letter. If Plaintiff's First Level Appeal had been unsuccessful, he had the option to file a "Second Level Appeal" with the UPS Claims Review committee within 60 days of receiving the claims administrator's denial of the First Level Appeal. The Plan also advised Plaintiff that

"each level of appeal will be independent from the previous level (i.e., the same person(s) or subordinates of the same person(s) involved in a prior level of appeal will not be involved in the appeal)" and "on each level of appeal, the claims reviewer will review relevant information that you submit even if it is new information." Harris Dec., Ex. B., p. 100. Plan participants are advised that exhaustion of the Plan's Internal administrative remedies is a prerequisite to any lawsuit alleging an improper failure to pay benefits: "[Y]ou cannot file suit in federal court until you have exhausted these appeals procedures." *Id.*

the administrators would have reached a preconceived result in that respect."). Accordingly, the Court finds that (1) Plaintiff has failed to exhaust the administrative remedies provided for in the Plan and (2) the futility exception does not apply in this case.

## IV. Leave to Amend

Plaintiff argues in the alternative that should the Court grant Defendants' Motion, Plaintiff should be granted leave to amend his complaint. Opposition, pp. 9–10. After a defendant has filed a responsive pleading to a complaint, the plaintiff may amend his or her complaint "only by leave of court or by written consent of the adverse party." Fed.R.Civ.P. 15(a). Rule 15(a) further provides that leave to amend "shall be freely given when justice so requires." Federal policy strongly favors determination of cases on their merits, accordingly, the policy favoring amendment is "applied with extreme liberality." *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir.1990). Leave to amend should not be granted, however, if amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Miller v. Yokohama Tire Corp.,* 358 F.3d 616, 622 (9th Cir. 2004). Apart from the futility exception to the exhaustion requirement, which the Court has rejected, Plaintiff has not suggested any other theory justifying his failure to exhaust the administrative remedies available under the Plan. Therefore, because amendment of Plaintiff's Complaint would be futile, Plaintiff's request for leave to amend is DENIED.

## V. Conclusion

For all the foregoing reasons, Defendants' Motion to Dismiss For Failure to State a Claim Under Federal Rule of Civil Procedure 12(b)(6) is GRANTED and Plaintiff's complaint is dismissed with prejudice.

IT IS SO ORDERED.

The Clerk shall serve a copy of this Minute Order on all parties to this action.