**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 2, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LISE LANE,

       Plaintiff-Appellant,

v.

SUNOCO, INC. (R&M),

       Defendant-Appellee.

No. 07-5068
(D.C. No. 03-CV-760-FHM)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **BALDOCK**, and **EBEL**, Circuit Judges.

Lise Lane appeals the district court's decision granting summary judgment

to Sunoco, Inc. (R&M) ("Sunoco") in an action alleging a violation of the

Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461

("ERISA"). Exercising our jurisdiction under 28 U.S.C. § 1291, we affirm the

judgment of the district court.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

Lane was employed by Sunoco in its lubricants refinery in Tulsa, Oklahoma. On October 23, 2001, she was driving a company pick-up truck in the tank-farm area of the refinery. The truck skidded on gravel and collided with a support stanchion, causing injuries to Lane and property damage to the truck. Lane's left wrist required surgery and, as a result, she was temporarily unable to perform any work.

In a post-accident investigation, Sunoco concluded that Lane had driven the truck in excess of the 10-mile-per-hour speed limit applicable to the tank farm. Sunoco notified Lane, by a letter delivered to her home, that it was terminating her employment as of November 7, 2001, for an inexcusable safety violation. Lane applied for and received workers' compensation benefits for temporary total disability from October 29, 2001 to March 13, 2002. She did not request benefits under Sunoco's disability insurance plan ("the Plan") governed by ERISA.

Instead, Lane sued Sunoco in federal court, alleging that she was entitled to short-term and medium-term disability benefits under terms of the Plan. Both parties filed motions for summary judgment on the ERISA claim. The district court denied Lane's motion and granted Sunoco's. This appeal followed.[1]

---

[1] Lane's complaint also included claims for wrongful termination under the
(continued...)

II.

This court reviews a grant of summary judgment de novo, applying the same legal standard used by the district court. *Kimber v. Thiokol Corp.*, 196 F.3d 1092, 1097 (10th Cir. 1999). Summary judgment is appropriate if the evidence "'show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Pitman v. Blue Cross & Blue Shield of Okla.*, 217 F.3d 1291, 1295 (10th Cir. 2000) (quoting Fed. R. Civ. P. 56(c)).

The district court disposed of Lane's claim on the ground that she had failed to exhaust administrative remedies. "Although ERISA contains no explicit exhaustion requirement, . . . exhaustion of administrative . . . remedies is an implicit prerequisite to seeking judicial relief." *Whitehead v. Okla. Gas & Elec. Co.*, 187 F.3d 1184, 1190 (10th Cir. 1999) (quotation omitted). "[I]t makes no difference whether the [the Plan] itself explicitly requires exhaustion, because ERISA exhaustion is a judicial, not contractual, doctrine." *Id.* "This proposition derives from the exhaustion doctrine permeating all judicial review of administrative agency action, and aligns with ERISA's overall structure of placing primary responsibility for claim resolution on fund trustees." *Id.*

---

[1](...continued)
Oklahoma Workers' Compensation Act and breach of employment contract. The district court entered summary judgment in favor of Sunoco on these claims, but Lane has appealed only the court's ERISA determination.

(quotation omitted). Any other procedure would permit "premature judicial interference" and "would impede those internal processes which result in a completed record of decision making for a court to review." *Id.* (quotation omitted). "The doctrine is necessary to keep from turning every ERISA action, literally, into a federal case." *Id*. (quotation omitted).

Generally, a district court may waive exhaustion only under "two limited circumstances," when (1) the administrative process would be futile, or (2) the remedy in the benefit plan is inadequate. *McGraw v. Prudential Ins. Co. of Am.,* 137 F.3d 1253, 1263 (10th Cir. 1998). In order to meet the futility exception, a plaintiff must show that her claim would be denied, not just that she thinks it is unlikely that the claim would succeed. *See Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 650 (7th Cir. 1996) (requiring evidence that employer would have rejected a request for short-term disability benefits before plaintiff could pursue ERISA retaliation claim).

In summary judgment proceedings, the district court properly analyzed and rejected Lane's ERISA claim. As the district court stated, "the notable feature of [judicial review under ERISA] is that the court conducts a <u>review</u> of the Plan Administrator's decision, the court does not determine eligibility for benefits in the first instance." Aplt. App. at 11. "Since [Lane] did not apply for benefits, it follows that no records submitted to or considered by the Plan Administrator have been tendered for court review." *Id.* at 12. "Further, [Lane] has made no

-4-

showing that exhaustion of remedies would be futile." *Id.* The district court therefore granted judgment to Sunoco and, as a corollary, denied Lane's motion for summary judgment.

Lane's contentions on appeal are no more persuasive than her arguments before the district court. Sunoco's resistance to her federal action does not constitute evidence that it would have denied her original claim. And the parties' legal briefs do not amount to an administrative record for this court's review. Accordingly, for substantially the same reasons expressed in the district court's order of March 30, 2007, the judgment of the district court is AFFIRMED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge