**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 23, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ROBERT A. DEMOSS,

                  Plaintiff-Appellant,

v.

MATRIX ABSENCE
MANAGEMENT, INC.,

                  Defendant-Appellee.

No. 11-3006
(D.C. No. 6:07-CV-01388-EFM-KGC)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **EBEL**, and **O'BRIEN**, Circuit Judges.

---

Plaintiff Robert A. DeMoss appeals from an order of the district court

granting summary judgment to defendant Matrix Absence Management, Inc.,

(Matrix) on his claim for benefits under the long-term disability group insurance

policy funded by his employer, LSI Logic Corporation (the Plan), and

administered by Matrix. In its order granting summary judgment for Matrix, the

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court held that DeMoss had failed to exhaust his administrative remedies and that no exception to the exhaustion requirement applied. Because DeMoss failed to request a review of Matrix's benefit-denial decision or to provide Matrix with additional and/or updated medical evidence during the court-ordered 120-day remand period, we agree that he failed to exhaust his remedies and affirm.

**Background**

On May 10, 2002, Matrix found DeMoss eligible for long-term disability (LTD) benefits under the Plan for disability based on a mental, emotional, or nervous illness, but denied LTD benefits due to diabetes complications, cardiac neuropathy, and eye problems. Benefits for mental-health disabilities are substantially less than benefits for physical disabilities. After receiving notice of the May 2002 decision, DeMoss's then attorney requested administrative review of the decision, but Matrix never responded.

More than seven years later, in December 2010, DeMoss instituted this action in district court asking the court to award him LTD benefits based on physical disability or, in the alternative, to remand for further evidentiary hearings. The district court denied the parties' first cross motions for summary judgment and remanded the case to Matrix to determine whether DeMoss was eligible for LTD benefits because of his claimed physical disabilities. The remand order provided that:

Upon remand to the administrator, Defendant must provide Plaintiff a full and fair review. If Defendant denies Plaintiff's request for physical long-term disability benefits, Defendant must set forth its reasons and rationale, and allow Plaintiff to submit additional evidence supporting his claim for physical disability benefits. After Defendant has provided its rationale and Plaintiff has submitted additional evidence, if any, Defendant should evaluate Plaintiff's claim as it would an appeal from an initial denial of benefits. Matrix should render its decision within 120 days from the date of this Order and the decision shall be final for purposes of exhausting remedies.

Aplt. App. at A162-63. The 120-day remand period expired on October 8, 2009.

By letter dated June 30, 2009, Matrix denied DeMoss's claim for LTD benefits based on physical disability. DeMoss did not request administrative review or submit additional medical evidence during the duration of the remand period. Instead, on August 20, DeMoss filed a motion to extend the time to seek administrative review, stating that he was not prepared to complete his request for review and needed additional time.[1] In a docket entry, the court denied the motion, observing that "[i]t does not appear to the Court that it has the authority or jurisdiction to change the plan documents." Id. at A4-5.

After the expiration of the remand period, DeMoss filed a motion for a second remand, again asking for an extension of time to request administrative review and submit additional evidence to Matrix. DeMoss argued that ERISA regulations required that he have 180 days in which to request an administrative

[1]    The Plan provided that any request for review of a denial of benefits be accompanied by a statement setting out the grounds for review and any supporting facts. Aplt. App. at A174.

review but that the court's original remand order gave the parties only 120 days to accomplish the whole decision and review process.[2]

The district court denied the motion for remand. It noted that DeMoss's 180-day-federal-regulation argument was not raised earlier when the court was considering the adverse benefit determination initially; that the court was following the Plan when it gave DeMoss sixty days during the remand period in which to request administrative review; and that DeMoss had not objected to the overall 120-day remand schedule. Because DeMoss had failed to seek review of the adverse benefit determination during the initial remand period, the court declined to order another such period.

There followed a year in which the parties submitted proposed supplements to the administrative record and eventually again filed cross motions for summary judgment. In granting summary judgment to Matrix, the court held that, by failing to request administrative review during the remand period, DeMoss had failed to exhaust his administrative remedies and that no exception to the exhaustion requirement applied. This appeal followed.

**Discussion**

DeMoss argues (1) the district court erred in denying his request for an extension of time to seek administrative review; (2) it was error to refuse his

---

[2]    After this motion was filed, Matrix sent DeMoss another denial notice based on a review by a third-party "peer review" physician. Aplt. App. at A328-30.

-4-

request for a second remand to allow him time to exhaust his administrative remedies; and (3) if he had failed to exhaust his remedies, such failure should be excused because further efforts to secure benefits would have been futile.

Our jurisdiction arises under 28 U.S.C. § 1291. We review a grant of summary judgment de novo, applying the same standard as that used by the district court. Jensen v. Solvay Chems., Inc., 625 F.3d 641, 650 (10th Cir. 2010). We review the district court's refusal to grant an extension of time for abuse of discretion. Skrzypczak v. Roman Catholic Diocese of Tulsa, 611 F.3d 1238, 1242 (10th Cir. 2010), *petition for cert. filed*, 79 U.S.L.W. 3370 (U.S. Nov. 5, 2010) (No. 10-769). "We [similarly] review for abuse of discretion a district court's decision regarding whether to remand an ERISA benefits claim for exhaustion of administrative remedies." DuPerry v. Life Ins. Co. of N. Am., 632 F.3d 860, 876 (4th Cir. 2011).

Before we address the issues identified above, we note that, despite the arguments of the parties in their briefs, we are not reviewing a denial of benefits. While that issue was before the district court when it granted summary judgment to Matrix, the court did not reach it because DeMoss had failed to exhaust his remedies. "[E]xhaustion of administrative (i.e., company-or plan-provided) remedies is an implicit prerequisite to seeking judicial relief." McGraw v. Prudential Ins. Co. of Am., 137 F.3d 1253, 1263 (10th Cir. 1998) (internal quotation marks omitted). Because DeMoss's failure to exhaust was dispositive,

-5-

the district court was not required to reach either the standard of review issue or the benefits determination itself.

Because DeMoss relies on the same basic reasoning to challenge both the denial of his motion for extension of time and the denial of his motion for a second remand, we will analyze those issues together. As mentioned, the district court denied the motion for extension of time, stating that "[i]t does not appear to the Court that it has the authority or jurisdiction to change the plan documents." Aplt. App. at A4-A5. This reference was undoubtedly to the provision in the Plan allowing sixty days after receipt of a written adverse-benefits determination in which a claimant could ask for review. Id. at A174.

In his motion for a second remand, DeMoss argued that the Plan does not comply with pertinent ERISA regulations requiring that he be given 180 days in which to request review of a denial of benefits. That requirement, however, applies only to "periods of Disability beginning on or after January 1, 2002." Id. at A482. The parties disagree about when DeMoss's claimed "period of disability" began. The issue is of no moment, however, because the district court did not rely on that distinction in arriving at the decision under review. Instead, the court faulted DeMoss for failing to challenge the sixty-day appeals period earlier in the proceeding:

> With regard to Plaintiff's motion for a second remand on the basis that Defendant's plan does not comply with federal regulations, this argument was not raised in the initial appeal of the adverse

benefit determination. Indeed, at that time, the Court was working under the 60-day timeframe provided for in the plan, and Plaintiff never argued that he was entitled to 180 days to submit additional evidence or that the plan was unreasonable because it failed to provide 180 days to appeal an adverse benefit determination. Plaintiff only now raises the issue that he is entitled to 180 days after the Court remanded the case to the parties for a determination on Plaintiff's physical disability claim and gave the parties 120 days. The case was remanded, and Plaintiff failed to seek review of the adverse benefit determination. Accordingly, Plaintiff's motion for a second remand is denied.

Id. at A248-49. We find no abuse of discretion in the denial of either the motion for extension of time or the motion to remand.

We also affirm the district court's determination that DeMoss failed to exhaust his administrative remedies. The court's June 10, 2009, remand order gave the parties 120 days in which to perform a full and fair review of DeMoss's claim. Matrix issued its denial letter on June 30, 2009. DeMoss's attorney received the letter on July 6, 2009. The remand period expired on October 8, 2009, without DeMoss asking for further review or providing any new and/or additional medical evidence to buttress his claim. He thus clearly failed to exhaust his remedies.

On appeal, DeMoss argues that he is entitled to the futility exception to the exhaustion requirement. That exception allows a litigant to escape an exhaustion problem by showing that "resort to administrative remedies would be futile." McGraw, 137 F.3d at 1263. Futility exists where resort to such remedies is "clearly useless." Id. at 1264 (internal quotation marks omitted). In order to be

entitled to the futility exception, a plaintiff must show that the "claim [would] be denied on appeal, [and] not merely just that [he] doubts that an appeal will result in a different decision." Lindemann v. Mobil Oil Corp., 79 F.3d 647, 650 (7th Cir. 1996) (internal quotation marks omitted). The district court has discretion to excuse a failure to exhaust. McGraw, 137 F.3d at 1263.

DeMoss argued to the district court that, since Matrix eventually denied his claim after the third-party-physician peer review, resort to an administrative appeal during the remand period would have been futile. The court disagreed, stating it was "not convinced that upon Plaintiff requesting a review and submitting additional, relevant evidence that further review by Defendant would have been 'clearly useless.'" Aplt. App. at A451 (quoting McGraw, 137 F.3d at 1264). We agree with the district court and find no abuse of discretion in its refusal to excuse DeMoss's failure to exhaust his remedies because of futility.

The judgment of the district court is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge

-8-